JOURNAL ENTRY and OPINION
{¶ 1} Appellant Curtis Sims appeals the sentence imposed by the trial court for his conviction of burglary. He assigns the following three errors for our review:
"I. The trial court erred when it imposed more than the minimum term of imprisonment without first finding either that the minimum term would demean the seriousness of the offense or that Mr. Sims had previously been imprisoned."
"II. The trial court violated Mr. Sims' Sixth Amendment right to trial by jury when it imposed a sentence that exceeded the minimum sentence of two years of imprisonment on the basis of findings neither made by a jury nor admitted by the defendant."
"III. The trial court erred when it imposed a term of post-release control via a journal entry without having imposed the term of post-release control in open court at sentencing."
 {¶ 2} Having reviewed the record and pertinent law, we vacate Sims' sentence and remand for resentencing based on the Ohio Supreme Court's recent decision of State v. Foster.[1]
The apposite facts follow.
 {¶ 3} This is Sims' second appeal. In his prior appeal, he appealed both his conviction and sentence.[2] We affirmed his conviction, but vacated his sentence; we remanded the case to the trial court for resentencing after we concluded that Ohio's Repeat Violent Offender statute was unconstitutional underBlakely v. Washington.[3] At the resentencing hearing, the trial court indicated that it did not take into account the repeat violent offender specification when it sentenced Sims. The court then reimposed its three-year sentence without making findings justifying imposing more than the minimum sentence.
 Sentence {¶ 4} We will address Sims' first and second assigned errors together as they relate to the sentence imposed by the trial court. Sims argues that the trial court failed to make the requisite findings required by R.C. 2929.14(B) and that his nonminimum sentence was unconstitutional under Blakely v.Washington.
 {¶ 5} We conclude that this case is controlled by the Supreme Court of Ohio's decision in State v. Foster. In Foster, the Court held that R.C. 2929.14(B) violates the Sixth Amendment to the United States Constitution, pursuant to Blakely v.Washington[4] and Apprendi v. New Jersey.[5] As a result, defendants who were sentenced under this unconstitutional and now void statutory provision must be resentenced.[6]
 {¶ 6} Accordingly, pursuant to the mandates of Foster, we sustain Sims' first and second assigned errors, vacate his sentence, and remand the matter to the trial court for resentencing.
 Post-Release Control {¶ 7} Based on our disposition of the first two assigned errors, Sims' third assigned error is moot and need not be addressed.[7]
 {¶ 8} Appellant appealed his sentence and not his guilty plea. The sentence is vacated and this matter is remanded to the trial court for resentencing.
This cause is vacated and remanded for resentencing.
It is, therefore, ordered that said appellant recover his costs from appellee.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., Concur.
 Cooney, P.J., Concurs in Judgment Only with Separate Opinion
[1] ___ Ohio St.3d ___, 2006-Ohio-856.
[2] State v. Sims, Cuyahoga App. No. 84090, 2005-Ohio-1978.
[3] (2004), 542 U.S. 296.
[4] (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 2d 403.
[5] (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.
[6] Foster, 2006-Ohio-856, ¶¶ 103-106.
[7] App.R. 12(A)(1)(c).
 CONCURRING OPINION